■ CHRISTINA MARIE RIVERA et al., Respondents, v 760-770 EAST TREMONT AVENUE HOUSING DEVELOPMENT FUND CORP. et al., Appellants, and WOMEN IN NEED, INC., Respondent, et al., Defendant. [800 NYS2d 389]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about October 13, 2004, which, insofar as appealed from, denied the motion by defendants 760-770 East Tremont Avenue Housing Development Fund Corp. (Tremont) and Phipps Housing Services, Inc. (Phipps) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted and the remainder of the action severed for further proceedings. The Clerk is directed to enter judgment in favor of Tremont and Phipps dismissing the complaint as against them.

While the infant plaintiff and her mother resided at a homeless shelter operated by defendant Women In Need, Inc. (WIN), the infant plaintiff allegedly was abused at the shelter by nonappearing defendant Castro, another shelter resident who was a friend of the mother and sometimes babysat for her. On this record, we see no basis for imposing liability on defendant Tremont, the owner of the premises occupied by the shelter, or on defendant Phipps, the owner's managing agent. Although Tremont had entered into a contract with the City requiring that the premises be used as a homeless shelter, Tremont and WIN had entered into a subcontract under which WIN assumed the obligation to operate the shelter, as was authorized by Tremont's contract with the City. The subcontract and uncontroverted deposition testimony establish that all relevant aspects of the operation of the shelter were WIN's responsibility and were performed by WIN's employees, over whom Tremont and Phipps exercised no control. Under these circumstances, Tremont and Phipps had no duty to protect the infant plaintiff from abuse by Castro, a lawful resident of the shelter (cf. *Jonathan A. v Board of Educ. of City of N.Y.*, 8 AD3d 80, 82 [2004]). Accordingly, we reverse and grant summary judgment dismissing the complaint as against Tremont and Phipps. Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Sullivan, JJ.